# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CRISS E. DUNCAN, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 2:11-cv-0309-JMS-MJD |
| | ) |
| JOHN C. OLIVER, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Criss Duncan for a writ of habeas corpus must be **denied**.

**Discussion**

Duncan was found guilty in the United States District Court for the Northern District of Indiana of bank robbery and firearms violations. *See United States v. Duncan*, No. 413 F.3d 680, 681 (7th Cir. 2005). After a series of appeals and remands, the trial court imposed a revised sentence of 457 months imprisonment. *See United States v. Duncan,* 479 F.3d 924, 927 (7th Cir. 2007). In reaching this determination, the trial court concluded that Duncan's 18 U.S.C. § 924(c) conviction required a mandatory consecutive sentence to Duncan's bank robbery and bank robbery related convictions. Further, the district court found that because the firearm Duncan used was a machine gun, the mandatory minimum consecutive sentence was 360 months.

Following his appeal, Duncan filed a motion for relief pursuant to 28 U.S.C. § 2255, wherein one ground was that his trial counsel was ineffective for not asserting "that section 924(c)(1)(B) is an element of a separate criminal offense rather [than]

a sentencing factor for 18 U.S.C. § 924(c)(1)(A)" and that his counsel should have requested that the jury (not the judge) determine the type of weapon involved in the offense. The § 2255 motion was denied on January 25, 2010. *Duncan v. United States,* 2010 WL 405559, *2 (N.D.Ind. 2010) (unpublished).

The court rejected Duncan's contention that his trial counsel was ineffective at Duncan's sentencing, noting that "this argument was clearly foreclosed by Supreme Court precedent, *i.e., Harris v. U.S.*, which permitted mandatory minimum sentences based upon judicial fact finding." *Duncan v. United States*, 2010 WL 405559, *2.

Relying on *United States v. O'Brien*, 130 S. Ct. 2169 (2010), Duncan filed an application with the Seventh Circuit to file a second or successive 28 U.S.C. § 2255 motion. In *O'Brien,* the Supreme Court announced that under 18 U.S.C. § 924(c) the fact that a firearm used during a crime of violence is a machinegun is an element of the offense to be proven beyond a reasonable doubt to the jury. The Seventh Circuit denied Duncan's application, stating that "to obtain authorization, an applicant must rely on a Supreme Court decision announcing a new constitutional rule, not on a decision--like *O'Brien*--engaging in statutory interpretation." *Duncan v. United States*, No. 11-1536 (7th Cir. March 28, 2011) (Order denying leave to file successive § 2255 motion) (unpublished).

Duncan now seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). He argues that his sentence is unlawful because the trial judge, and not a jury, determined that the weapon Duncan used in committing the bank robbery offenses for which he is currently incarcerated was a machine gun. Duncan's claim, therefore, amounts to an argument that he is actually innocent of the sentence imposed.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A prisoner may use § 2241 to seek collateral review of a fundamental defect of his sentence when 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Controlling and persuasive authority dictates that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence. *See, e.g., Unthank v. Jett,* 549 F.3d 534, 536 (7th Cir. 2008) ("[The petitioner] does [not] claim to be innocent of the current crime. He says only that his sentence is too high, and as we [previously] explained[,] . . . this differs from a claim that he is innocent of the crime of which he was convicted."); *Poindexter v. Nash,* 333 F.3d 372, 382 (2nd Cir. 2003)("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of

[the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States,* 307 F.3d 117, 120–21 (3rd Cir. 2002) (the petitioner did not qualify for the savings clause because his claim related only to his sentence and not his underlying conviction); *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because . . . [they] do not argue innocence but instead challenge their sentences.").

Duncan has not been convicted of a non-existent offense, nor is he factually innocent of the conviction for which he is now serving a sentence. Because Duncan has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/02/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana